UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

LARRY WHITE EAGLE,

    Petitioner,

v.

STATE OF MINNESOTA,

    Respondent.

Civil No. 13-921 (JNE/FLN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this case be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

**I. BACKGROUND**

Petitioner is a prisoner of the State of Wisconsin who is currently incarcerated at the Racine Correctional Institution in Sturtevant, Wisconsin. Petitioner is serving a prison sentence that was imposed more than ten years ago in the state circuit court for Juneau County, Wisconsin. Petitioner was sentenced after pleading guilty to first degree sexual assault of a child. See State v. White Eagle, No. 01-988-CR (Wis.App. 2002), 2002 WL 296411 (unpublished opinion).

Petitioner is currently attempting to challenge the sentence that he is serving for his

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Wisconsin state court criminal conviction. He claims that his sentence should be reduced by approximately 600 days, because he is entitled to credit for a period of time that he allegedly spent in pretrial custody.

Petitioner alleges that after he was arrested in Wisconsin, he was released on bail. While on bail, Petitioner allegedly came to Minnesota for medical care at the Mayo Clinic in Rochester, and later at the Fairview Hospital in Minneapolis. Petitioner allegedly told his attorney about his plans, and instructed the attorney to contact him if he needed to return to Wisconsin. However, the attorney allegedly failed to follow Petitioner's instructions, and as a result, Petitioner did not return to Wisconsin when he was ordered to do so, and he was later arrested in Minnesota for "Bail Jumping and [being] a Fugitive from Justice." (Petition, pp. 3-4.) Petitioner retained counsel to represent him "on the extradition matter" in Minnesota, but "on May 10, 2000, the petitioner was transferred back to Wisconsin." (Id., p. 4.) Sometime thereafter, Petitioner was convicted and given the sentence that he is now attempting to challenge here. Petitioner is presently seeking a writ of habeas corpus that would grant him "custody credit" for the time that he spent in Minnesota while he was "on bond from Wisconsin," in connection with his Wisconsin criminal case. (Id., p. 1.)

## II. DISCUSSION

A habeas corpus petition normally must be filed in the district court where the petitioner is confined. This is so, because a writ of habeas corpus is directed to the petitioner's immediate custodian, who normally is the warden or chief executive official at the institution where the petitioner is confined. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) ("[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but

upon the person who holds him in what is alleged to be unlawful custody"). Thus, as a general rule, a federal district court cannot entertain a habeas corpus petition if neither the petitioner nor his custodian is located within the court's geographical boundaries when the petition is filed. See United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court"). See also Lee v. United States, 501 F.2d 494, 501 (8th Cir. 1974); Gravink v. United States, 549 F.2d 1152, 1154 (8th Cir. 1977); Kills Crow v. United States, 555 F.2d 183, 189, n. 9 (8th Cir. 1977); McCoy v. United States Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976).

When a habeas petitioner is directly challenging the legality of his current custody, and seeking an expedited release from his current confinement, he must seek a writ of habeas corpus that would be directed to his immediate custodian, and he must seek such relief in the district in which he is confined. As the Supreme Court explained in Padilla:

> "in habeas challenges to present physical confinement – 'core challenges' – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held...."

542 U.S. at 435. See also id. at 439 ("[i]n challenges to present physical confinement, we reaffirm that the immediate custodian... is the proper respondent").

In this case, Petitioner is challenging the duration of his confinement in a Wisconsin state prison pursuant to a Wisconsin state court judgment. Thus, according to Padilla, the proper respondent in this action is Petitioner's immediate custodian – the warden or chief executive official at the Racine Correctional Institution in Sturtevant, Wisconsin. Of course, Petitioner also is located in Wisconsin. Because both Petitioner and his custodian are located in Wisconsin, and he is challenging a sentence imposed in a Wisconsin court case,

3

he must seek federal habeas corpus relief in Wisconsin. See Padilla, 542 U.S. at 442 ("with respect to habeas petitions 'designed to relieve an individual from oppressive confinement,' the traditional rule has always been that the Great Writ is 'issuable only in the district of confinement'") (quoting Carbo v. United States, 364 U.S. 611, 618 (1961)).

Petitioner argues (vigorously and repeatedly) that he is eligible to seek a writ of habeas corpus in federal court, because he satisfies the "in custody" requirement prescribed by 28 U.S.C. § 2254(a). See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam) (federal habeas statutes require that a "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed"). However, Petitioner is not in custody in Minnesota. Moreover, he is not in custody pursuant to a Minnesota state court judgment, and he has not shown that he is subject to any detainer or similar process that might cause him to be in custody in Minnesota in the future. The mere fact that Petitioner is indeed "in custody" at the present time does not provide any grounds for seeking a writ of habeas corpus in Minnesota.

In sum, there are no conceivable grounds for exercising jurisdiction over this case in the District of Minnesota. Again, Petitioner is not confined in Minnesota, he has no custodian in Minnesota, he is not serving a sentence imposed in Minnesota, and he is not subject to future custody in Minnesota. The Court will therefore recommend that this case be summarily dismissed for lack of jurisdiction.

Having determined that this action must be summarily dismissed for lack of jurisdiction, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis, (Docket No. 2), be summarily denied. See Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be

4

denied where habeas petition cannot be entertained).

## III. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, it is virtually certain that no other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. There is nothing novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should not be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

3. This action be **DISMISSED FOR LACK OF JURISDICTION**; and

4. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: April 29, 2013

                                              s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 14, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.